UNITED STATES BANKRUPTCY COURT
For the Eastern District of Tennessee
Northern Division

| | |
|---|---|
| IN THE MATTER OF: ) | CHAPTER 13 CASE NO.  08 BK 34530 |
| ) | |
| PHYLLIS T. FRENCH, ) | |
| ) | ADVERSARY PROC. NO._____ |
| DEBTOR, ) | |
| ) | |
| ) | |
| PHYLLIS T. FRENCH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| AMERICAN GENERAL ) | |
| FINANCIAL SERVICES, ) | |
| ) | |
| DEFENDANT. ) | |

**COMPLAINT SEEKING INJUNCTIVE RELIEF, DAMAGES, DISALLOWANCE OF CLAIM AND OTHER RELIEF IN A CORE ADVERSARY PROCEEDING**

COMES NOW, Plaintiff, in the above-styled and numbered cause, and files this complaint for disallowance of claim, injunctive relief, contempt of court, actual, punitive, and compensatory damages and sanctions and would show the following:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this core proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

**PARTIES**

4. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in the above titled Chapter 13 case number, presently pending before this court. The Plaintiff is referred to as the Plaintiff and/or the Debtor.

5. The Defendant, American General Financial Services, was named in the bankruptcy schedules as a creditor of the Plaintiff. Defendant appears to be a lender with a principal business address of 1783 N. Eastman Road, Kingsport, TN. 37664. Defendant's registered agent is Corporation Service Company who may be served process at 2908 Poston Ave. Nashville, TN. 37203.

**FACTUAL ALLEGATIONS**

6. The Plaintiff filed a voluntary Chapter 13 petition on October 10, 2008, and notice of filing was sent to the Defendant.

7. The Plaintiff holds an account with the Defendant. Said account is primarily for household and/or consumer use.

8. The Defendant filed a sworn Proof of Claim form in the Plaintiff's Chapter 13

case, denoted as Claim number 1, on November 3, 2008. The claim was listed as a non-priority, unsecured claim in the amount of $4,889.79.

9. The Proof of Claim consisted of 8 pages and displays the Plaintiff's Date of Birth without redaction on page 4 of the attachment to the Proof of Claim and Plaintiff's Social Security Number without redaction on page 7 of the attachment to the Proof of Claim.

10. The Proof of Claim is a public document and the Defendant has made the Plaintiff's private, sensitive, and personal nonpublic information available to any and all persons with a computer and internet access.

11. The Proof of Claim presents the Plaintiff's full and complete legal name, date of birth, and Social Security Number (hereinafter referred as "SSN") for the whole world to see. Sufficient personal and private data is revealed for an identity thief to potentially hijack the Plaintiff's identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), and Medical Identity Theft (accessing personal information for insurance fraud or to obtain medical care or drugs).

12. Protection of individual, personal, sensitive, and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. § 3500, *et seq.* [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act.

13. The Defendant is a sophisticated financial creditor with knowledge of the bankruptcy rules and procedure. Defendant has an obligation to comply with all applicable rules and statutes when filing claims and participating in the bankruptcy process.

14. The Defendant has intentionally communicated or otherwise made available to the general public the personal, sensitive and private data of the Plaintiff in direct violation of standard of care set by The Gramm- Leach-Bliley Act, 15 U.S.C. 6801 *et seq.*, The E-Government Act of 2002, 44 U.S.C. § 3500, *et seq.*, 11 U.S.C. § 107(c), Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, and others.

**COURT RECOGNITION OF PRIVACY CONCERNS**

15. Both U.S. Congress and circuit courts of the U.S. Courts of Appeal have discussed the significant privacy concerns surrounding the dissemination of SSNs. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating against individuals that refuse to release their SSNs. Privacy Act of 1974, Pub.L. 93-579, § 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. § 552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSNs as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

16. The U.S. Court of Appeals for the Sixth Circuit as well as other circuits, relying in part on these Congressional statements, have concluded that the privacy interest in SSNs is significant, and thus public dissemination of information containing SSNs must be monitored scrupulously. *See In re Crawford*, 194 F.3d 954, 958-59 (9th Cir. 1999) (recognizing that

"indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses" can implicate informational privacy rights); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir. 1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). Indeed, the Sixth Circuit held that public disclosure of SSNs in files requested under the Freedom Of Information Act (hereinafter referred to as "FOIA") constituted a clearly unwarranted invasion of personal privacy under exemption 6. *See Norwood v. FAA*, 993 F.2d 570, 575 (6th Cir. 1993) (determining that redaction of SSNs from FOIA documents necessary to protect identities of individuals discussed in documents); *see also Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir. 1988) (holding that redaction of social security numbers necessary because requestor failed to demonstrate any public interest in disclosure of the SSNs).

17. Therefore, Congress and the U.S. Courts recognize that individual citizens have a substantial informational privacy right to limit the disclosure of their SSNs, and consequently reduce the risk that they will be affected by various identity fraud crimes.

**FIRST CAUSE OF ACTION:**
**OBJECTION TO CLAIM**

18. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

19. The Creditor has intentionally revealed to the general public the Debtor's private and sensitive data and nonpublic information in violation of 11 U.S.C. § 107(c) and Federal Rule of Bankruptcy Procedure 9037.

20. The Court should strike the said claim and the Creditor be precluded from filing

any amended, modified, or substitute claim in this case and the underlying debt should be canceled and forever discharged whether or not the Debtor receives a Discharge Order in this case.

21. That the Creditor should be sanctioned for the intentional revelation of the Debtor's private data and sensitive information and the Debtor should be awarded attorney fees and expenses for filing this objection.

22. That the Court should order the claim number 1 disabled within the PACER system or the claim removed so that it is inaccessible to any additional members of the general public.

## SECOND CAUSE OF ACTION: VIOLATION OF GRAMM-LEACH-BLILEY ACT, 15 U.S.C. SUBCHAPTER I, §6801-6809

21. The plaintiff realleges each foregoing paragraph as though fully set out herein.

22. The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of nonpublic personal information, finding that it is the policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. §6801.

23. A financial institution means any institution the business of which is engaging in financial activities. 15 U.S.C. §1609(3)(A).

24. Defendant is in the business of engaging in financial activities by making loans to consumers.

25. The Defendant has failed comply with and abide by its own privacy policy as required by 15 U.S.C. §6803.

26. The Defendant has disclosed nonpublic personal information by releasing the Plaintiff's social security number and other sensitive information in a public records forum.

27. The Gramm-Leach-Bliley Act sets the appropriate standard of care for the protection, security, and confidentiality of the nonpublic personal information and private data of the Defendant's customers.

28. As a result of the Defendant's willful, grossly careless, and direct violation of the Gramm-Leach-Bliley Act, the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

**THIRD CAUSE OF ACTION:
CONTEMPT OF COURT AND VIOLATION OF FEDERAL DISTRICT COURT
AND BANKRUPTCY COURT ORDERS AND POLICIES AGAINST
DISCLOSURE OF PERSONAL IDENTIFIERS AND SENSITIVE DATA**

23. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

24. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Standard Operating Procedure Governing Protection of Personal and Sensitive Information and Public Access to Court Files in Accordance with the E-Government Act of 2002.

25. These rules provided in part that personal identifiers were prohibited. The categories of information that were deemed by statute, 44 U.S.C. § 3500, *et seq.*, to be "personal

identifiers" were not to be stated in pleadings or other court-filed documents, including exhibits, except as provided by the standard operating procedure.

26. This rule also describes the Judicial Conference's policy that certain personal data identifiers must be partially redacted from the case file or pleading whether it is filed traditionally or electronically. Specifically listed as examples of "personal data identifiers" are (1) Social Security Numbers, (2) Financial Account numbers, and (3) Birth Dates.

27. The policy also contains cautions and restrictions on the disclosure of Sensitive Information and Data. The following categories of information were deemed "sensitive information" or "sensitive data":

> 1. Personal identifying numbers, such as driver license numbers.
> 2. Medical records, treatments, and diagnoses.
> 3. Employment histories.
> 4. Personal financial information.
> 5. Proprietary or trade secret information.

44 U.S.C. § 3500

The cautions, prohibitions, and restrictions pertaining to personal identifiers presented in the standard operating procedure are equally applicable to sensitive information and data.

28. By failing to redact or delete the private, sensitive, and nonpublic information of the Plaintiff, the Defendant has willfully violated the Courts' policies putting the Plaintiff at risk and causing damage by making publicly available the personal data identifiers and sensitive information.

29. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

**FOURTH CAUSE OF ACTION:
CONTEMPT OF COURT AND VIOLATION OF 11 U.S.C. § 107(c)
FAILURE TO REDACT NONPUBLIC INFORMATION**

30. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

31. On April 20, 2005 Congress enacted 11 U.S.C. § 107(c) granting bankruptcy courts the authority to protect an individual's information when the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property. This amendment to the bankruptcy code became effective 180 days from enactment, on July 18, 2005.

32. Years have passed since the enactment of this bankruptcy statute. Therefore, one must assume the Defendant was aware of this provision and thus their actions, which show an utter disregard for this provision, should be viewed as willful. Any party making use of the bankruptcy filing system is required to be aware of the vital need to follow the applicable code provisions in their filings.

33. By filing the private, nonpublic information of the Plaintiff, the Defendant has violated 11 U.S.C. § 107(c) putting the Plaintiff at risk of identity theft and causing damage by making publicly available the Plaintiff's personal, sensitive information and nonpublic data.

34. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

# FIFTH CAUSE OF ACTION:
# CONTEMPT OF COURT AND VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037
# FAILURE TO REDACT NONPUBLIC INFORMATION

35. The Plaintiffs reallege each foregoing paragraphs as though fully set out herein.

36. On December 1, 2007, the Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing these policies.

37. Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtors, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial account number.

38. By filing the private, nonpublic information of the Plaintiffs, the Defendant has violated Rule 9037 putting the Plaintiffs at risk and causing damage by making publicly available the Plaintiffs' personal, sensitive information and nonpublic data.

39. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

# SIXTH CAUSE OF ACTION:
# INVASION OF PRIVACY AND
# INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

41. The recognition of the tort for invasion of privacy was explicitly recognized in Tennessee in *West v. Media General Convergence, Inc.*, 53 S.W.3d 640, 648 (Tenn. 2001). In *West*, the Court adopted the Restatement (Second) of Torts, which covers this public disclosure of private facts in § 652D:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

42. Social Security Numbers and other private nonpublic information are of no use to and not a legitimate concern of the public.

43. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff by disclosing the sensitive and personal nonpublic information.

44. Defendant intentionally and/or negligently caused harm to Plaintiff's mental and emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon Plaintiff's right to privacy.

45. "In this state, the theory of punitive damages is not to compensate an injured plaintiff for …, but to punish a defendant, to deter [defendant] from committing acts of a similar nature, and to make a public example of [the defendant]." *Huckeby v. Spangler*, 563 S.W.2d 555, 558-59 (Tenn. 1978).

46. The Defendant's grossly careless conduct unlawfully invaded Plaintiff's personal privacy and proximately caused Plaintiff to suffer actual damages. Defendant's conduct was intentional, reckless and willful and Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. Plaintiff also seeks damages for the mental and emotional anguish and distress that has been caused by knowing that the personal identifiers, sensitive and nonpublic information and private data has been made public by the Defendant's wanton actions.

47. Under Tennessee law, "[o]ne is subject to tort liability for severe emotional distress when he engages in outrageous conduct, which conduct intentionally or recklessly causes such severe emotional distress." *Johnson v. Woman's Hospital*, 527 S.W.2d 133, 138 (Tenn. Ct. App. 1975).

48. As a result of the foregoing indifferent acts, the Defendant is liable to the Plaintiff for actual damages, punitive damages, attorney fees and costs of bringing this action.

WHEREFORE, the Plaintiff prays for the following relief:

A. A finding that the Defendant is in civil contempt for violating the established statutes, policies, rules, and orders of the Court which outline in detail the applicable privacy standards for filing documents with the Court;

B. Grant an order of injunctive relief to disable the claim number within the PACER system so that it is inaccessible to the general public and/or to permanently remove the claim and its nonpublic information from access by the public;

C. Grant sanctions against the Defendant for the intentional and/or negligent revelation of the Plaintiff's private data and exposing the Plaintiff to the risk of identity theft;

D. Grant damages against the Defendant for the intentional and willful invasion of the Plaintiff's right to privacy;

E. Grant damages against the Defendant for the intentional or negligent infliction of emotional distress;

F. Award the Plaintiff compensatory damages and punitive damages;

G. Award attorney's fees and expenses under Section 105 of the Bankruptcy Code;

H. Direct the Court to strike the said claim;

I. Prohibit the Creditor from filing any amended, modified, or substitute claim;

J. Cancel the underlying debt whether or not the Debtor receives a Discharge Order in her Chapter 13 case; and

K. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this November 14, 2008

*/s/ Justin A. Brackett*
Justin A. Brackett, #024326
Brackett & Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865/688-0868
consumerbk@comcast.net